JRO:kb 37156 \pleading\37156answer.wpd

FILED
IN CLERK'S OFFICE
2004 JAN 16  A 11: 08

U.S. DISTRICT COURT
DISTRICT OF MASS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN WECKSESSER, JR. | ) |
| | ) |
| VS. | ) |
| | ) C.A. No. 03-12448 REK |
| F/V KATRINA LEE and | ) |
| CPR FISHING, INC. | ) |

## ANSWER OF F/V KATRINA LEE AND CFR FISHING, INC.

### FIRST DEFENSE

1. Admitted.

2. Admitted.

3. Admitted.

4. The defendants can neither admit nor deny the allegation, but presumes the evidence will support the allegations made. At present, defendants makes a good faith denial of the allegation until evidence of the allegations is provided.

5. The defendants admit the occurrence of an accident on September 8, 2003, involving the F/V Lonely Hunter and the F/V Katrina Lee. The remaining allegations are denied.

6. The defendants admit the occurrence of a collision on or about 0130 hours on September 8, 2003, between the F/V Katrina Lee and the F/V Lonely Hunter. Defendants further admit that the F/V Lonely Hunter was sunk with two (2) crewmen lost. Defendants further admit that the plaintiff, John Weckesser, Jr., survived and was rescued. All remaining allegations are denied.

7. Denied.

8. Denied.

### COUNT I

9. The defendants incorporates their previous responses.

10.
    1. Denied.
    2. Denied.
    3. Denied.
    4. Denied.
    5. Denied.
    6. Denied.
    7. Denied.
    8. Denied.
    9. Denied.
    10. Denied.

10. *[sic]* Denied.

WHEREFORE, defendants demand judgment against the plaintiff.

## COUNT II

11. Defendants incorporates their previous responses.

12. Denied.

WHEREFORE, defendants demand judgment against the plaintiff.

## SECOND DEFENSE

The plaintiff failed to make proper use of radar, navigational equipment, radar plotting and other system observations to avoid collision. The defendant failed to keep a proper lookout, train its crew or have marking and other lighting properly installed and other acts of negligence which were the proximate cause of the collision.

## THIRD DEFENSE
## No Medical Proof that Injury Occurred on the Vessel

The defendant affirmatively pleads that if the injuries alleged were sustained, the plaintiff has not provided documentary medical proof of such injuries, that such injuries occurred in the service of the vessel or that the plaintiff's alleged medical condition is non-palliative.

## FOURTH DEFENSE
## Lack of Due Care and Negligence of Plaintiff

The defendant affirmatively pleads that if plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the plaintiff's own negligence and failure to exercise his duty of care, skill, and knowledge in the performance of his work and the captaincy of his vessel, as well

as in the ownership of his vessel required of a captain and owner, and the fault was not due to any negligence or fault on the part of the defendant.

## FIFTH DEFENSE
### Contributory Negligence

The plaintiff failed to observe and employ a safe alternative practice, thus contributing to his own injury. The course of action chosen by the plaintiff was an unreasonable course of action.

## SIXTH DEFENSE
### Intervening Causes

The defendant affirmatively pleads that if the plaintiff was injured as alleged, which is specifically denied, such injury is due to an intervening event for which the defendant is not responsible.

## SEVENTH DEFENSE
### Limitation and Liability

The defendant affirmatively pleads that if the plaintiff was injured as alleged, which is specifically denied, such injury was without fault, knowledge or privity of the defendant; that the damages claimed herein exceed the value of the vessel including its pending freight; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, of and concerning limitation of liability of the defendant, including 46 U.S.C. § 183(b).

## EIGHTH DEFENSE

The defendant affirmatively pleads that if the plaintiff sustained personal injuries, as alleged, which is specifically denied, it was due to the action and/or omissions of individuals for whom the defendant is not legally responsible.

## NINTH DEFENSE
### Lack of Seaworthiness

Plaintiff, as owner and captain of the F/V Lonely Hunter, violated the express warranty that his vessel was fit for the intended voyage due to the absence of machines, equipment and gear to detect, avoid, and provide warning of other vessels.

**Defendants hereby demand a trial by jury.**

DEFENDANTS,
By their Attorney,

J. Renn Olenn, Esq. BBO#642090
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

## CERTIFICATION

I certify that I sent a true copy of the within on  1-14-04  to:

David B. Kaplan, Esq.
The Kaplan/Bond Group
Boston Fish Pier
West Building, Suite 304
Boston, MA 02210